UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-81-FDW

| | |
|---|---|
| MICHAEL A. GADDY, )<br>)<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>THOMAS E. GROSS II, et al., )<br>)<br>**Defendants.** )<br>) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding in forma pauperis. (Doc. No. 12). Also pending is Plaintiff's Motion to Appoint Counsel, (Doc. No. 14).

**I.  BACKGROUND**

Pro se Plaintiff Michael A. Gaddy (Inmate No. 1377773) is a prisoner of the State of North Carolina, currently incarcerated at Catawba Correctional Institution in Newton, North Carolina. The North Carolina Department of Public Safety website indicates that Plaintiff was convicted in 2015 in Gaston County, North Carolina, of drug-trafficking.[1] Plaintiff was sentenced to seven years of imprisonment.

Plaintiff filed this action on February 13, 2018, pursuant to 42 U.S.C. § 1983, naming four individuals as Defendants, alleged to be Charlotte-Mecklenburg police officers who participated in a search and seizure that led to Plaintiff's arrest and underlying state court conviction. (Doc.

---

[1] Plaintiff was originally convicted in 2013, but his sentence on one of the charges (not his conviction) was subsequently vacated, and he was resentenced in 2015. See Gaddy v. Reep, No. 3:16cv45, 2016 WL 4443191 (W.D.N.C. Aug. 22, 2016) (Section 2254 petition denied).

1

No. 1 at 2). In the Complaint, Plaintiff challenges Defendants' conduct leading up to his criminal conviction, and he appears to be attempting to bring numerous legal claims against the various Defendants, including a Fourth Amendment violation based on an illegal search and seizure, due process violations, and prosecutorial misconduct. In his claim for relief, Plaintiff seeks, among other things, damages against Defendants.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as

2

follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Plaintiff has not alleged, however, that his underlying conviction has been reversed or otherwise invalidated. Therefore, his claims are barred by <u>Heck</u>.

Additionally, this Court notes that Plaintiff has already filed a Section 1983 action that is almost identical to this action, and this Court has already found that his action was <u>Heck</u>-barred in the prior action. See <u>Gaddy v. Sprague</u>, No. 3:14cv156 (W.D.N.C.). Finally, Plaintiff has also raised his instant claims in a habeas petition filed under 28 U.S.C. § 2254, and this Court denied his claims on the merits and dismissed the petition. See <u>Gaddy v. Reep</u>, No. 3:16cv45, 2016 WL 4443191 (W.D.N.C. Aug. 22, 2016) (Section 2254 habeas petition denied). Thus, this action appears to be barred by res judicata principles in addition to being <u>Heck</u>-barred.

**IV.    CONCLUSION**

In sum, for the reasons stated above, the Court will dismiss this action.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED**.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 14), is **DENIED**.

3. The Clerk is directed to close this case.

Signed: April 26, 2018

Frank D. Whitney
Chief United States District Judge